D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELIZ MENDOZA | : | CIVIL ACTION |
| v. | : | |
| DAVID DiGUGLIELMO, et al. | : | NO. 07-CV-0431 |



## MEMORANDUM AND ORDER

Ditter, J.                                                            July 23, 2009

      This case comes before me on the objections of the petitioner, Feliz Mendoza, to the proposed findings, recommendations, and report of the magistrate judge denying Mendoza's petition for a writ of *habeas corpus*. Concluding that those proposed findings are amply supported by the record and that the learned magistrate judge carefully and accurately applied the law, I will adopt and approve his report and recommendations, overrule Mendoza's objections, and deny this petition.

      I shall not restate the factual and procedural history of this case as Mendoza does not object to the report and recommendation in this regard and it has been ably set forth by the magistrate judge. I have considered Mendoza's objections to the disposition of his claims that he was improperly denied access to DNA evidence and denied his right to effectively cross-examine a child of tender years. I concur with the magistrate judge's recommended disposition of the issues and shall adopt it as my own. I write separately only to address the claim that the magistrate judge erred in failing to consider Mendoza's claim under 42 U.S.C. § 1983.

      First, I note that the petition filed was for a writ of *habeas corpus*, and was filed on the standard form. The attached memorandum of law makes only a passing reference to § 1983.

Attached to the petition is a "motion for federal *habeas corpus* relief pursuant to 28 U.S.C. § 2241 and 42 U.S.C. § 1983. In this motion, Mendoza seeks a new trial on alternative grounds should his § 2254 petition be denied. Mendoza indicates that he is simultaneously filing for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 and that "[a]ll grounds asserted therein are incorporated herein as if set forth in their entirety." He then asks that I consider these claims if relief is unavailable under § 2254 "due to the statute of limitations or other procedural default." Finally, he asserts his claims compel the grant of a new trial because of alleged constitutional violations and because his trial was a miscarriage of justice.

A claim brought by a prisoner under 42 U.S.C. § 1983, which involves the validity of his confinement, must be analyzed carefully to determine whether it should be interpreted as a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. It is well-settled that *habeas corpus* is the exclusive remedy for claims brought by a state prisoner challenging the fact or length of his confinement, even if the claim is brought under §1983. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973); *Georgevich v. Strauss*, 772 F.2d 1078 (3d Cir. 1985) (claims which seek release or "challenge the very fact or duration of [an inmate's] physical imprisonment ... [find their] sole federal remedy [in] a writ of *habeas corpus*.")

The relationship between relief sought by state prisoners under 42 U.S.C. § 1983 and 28 U.S.C. § 2254 was further delineated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court analogized a prisoner § 1983 action to a common-law tort action for malicious prosecution, which requires a showing that the plaintiff prevailed in the original prosecution and held that:

In order to recover damages for allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. at 486-487. The Third Circuit more recently stated the rule as follows:

> [T]here is a logical and coherent progression of Supreme Court jurisprudence clarifying when § 1983 is unavailable: whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

There is no doubt in this case that Mendoza challenges the validity of both his 1987 and 1993 judgments of sentence. The relief sought is the vacation of his current sentence and a new trial. His claims can only be presented in a *habeas corpus* petition.

Mendoza's objections are overruled. An appropriate order follows.